[Civ. No. 4417. First Appellate District, Division Two.—June 20, 1923.]

ISAAC RALPHS et al., Respondents, v. BERTHA OBER- FELD, Appellant.

[1] APPEAL—ENGROSSMENT OF BILL OF EXCEPTIONS—CERTIFICATE— EXTENSIONS OF TIME—PRESUMPTION.—Where a bill of exceptions for use on appeal is settled over the objection of counsel for plaintiffs that the same was not engrossed and presented for cer- tification within the time allowed by law, and the certificate affirmatively shows that certain extensions of time were granted by the trial court and that thereafter counsel for plaintiffs granted an extension of time, and such certificate does not negative the fact that counsel for plaintiffs did not give defendant an addi-

tional extension of time within which to engross and present the bill of exceptions, or that the court did not make an additional order extending defendant's time, it will be presumed on appeal, in support of the certificate of the trial judge, that defendant's time to engross and present the bill of exceptions was properly extended.

[2] CONTRACTS—EXTENSION—EVIDENCE—FINDINGS.—In this action on a contract guaranteeing the payment of goods sold by plaintiffs to certain agents under a specified sales agreement, which sales agreement expressly stated that it was for a term of one year, but provided for its extension at the expiration thereof, the evidence having shown that at the expiration of the year the sales agreement was not extended, but that plaintiffs merely continued to sell and deliver goods to their former agents, of which fact defendant had no knowledge or notice, the trial court was not justified in finding that the term of such sales agreement was extended.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

Jesse H. Miller and Edward J. Linforth for Appellant.

Frank A. Duryea for Respondents.

STURTEVANT, J.—In this action the plaintiffs sought to recover judgment against the defendant on a written guaranty; the defendant answered and thereafter a trial was had before the court sitting without a jury. The trial court made findings in favor of the plaintiffs and awarded the plaintiffs a judgment, and the defendant has appealed, bringing up a bill of exceptions.

The respondents have interposed a preliminary objection which must be disposed of at this time. [1] The respondents objected to the use of the bill of exceptions by the appellant and to the consideration of the bill by this court. The objection is based on the contention that after the bill had been settled it was not engrossed and presented for settlement within the time allowed by law. To support their objection the respondents presented for our consideration the certificate settling the bill. That certificate is as fol-

lows: "The foregoing engrossed bill of exceptions is hereby settled and allowed this 28th day of July, 1922, subject to the objection of counsel for plaintiffs that the same was not engrossed and presented for certification within the time allowed by law after settlement of proposed bill; said proposed bill having been settled on December 17th, 1921, ten days' extension of time to engross and present having been given by stipulation of counsel on December 27th, 1921, ten days' further extension having been given by order of court on January 6th, 1922; the bill not having been engrossed and presented within said last extension; and the court having made and filed its order on January 17th, 1922, without notice to or consent of counsel for plaintiff, allowing defendant to January 27th, 1922, to engross and present said bill and said engrossed bill having been delivered to the attorney for plaintiffs for his stipulation as to the correctness of the engrossment on January 27th, 1922." It will be noted that the certificate recites that the bill was settled December 17, 1921; it will be borne in mind that the statute (Code Civ. Proc., sec. 650) gave the appellant ten days in which to engross and present the bill for signature. That would carry the time to December 27th. Later counsel by stipulation extended the time ten days; that would carry until January 6, 1922. The certificate does not negative the fact that counsel for respondents did not give an additional extension, nor does it negative the fact that the court did not make an additional order extending the time from January 6 to January 17, 1922. Continuing, the certificate affirmatively shows that on January 17th the court made an order extending the time to January 27, 1922, and on the date last mentioned the said engrossed bill was delivered to the attorney for the plaintiffs for his certificate as to the correctness of the engrossment. The trial judge certified the bill on July 28, 1922. It is presumed as a matter of law that his act in doing so was regularly performed and was within the lawful exercise of his jurisdiction. (Code Civ. Proc., sec. 1963.) In support of the certificate of the trial judge we must presume in the absence of any other showing that a further stipulation was obtained in due time, or an additional order was obtained in due time, regularly extending the period for engrossment from January 6 to January 17, 1922. No other objection being made thereto the bill of

exceptions may properly be considered as a part of the record in this case.

[2] The appellant's son, Albert O. Oberfeld, and Joseph Duarte were about to engage in the business of handling automobile accessories, and were negotiating with the plaintiffs to act as sales agents of the plaintiffs. The contract between the principals and agents having been arranged before the delivery thereof, the appellant was induced to execute a guarantee in writing as follows:

"Whereas, an agreement bearing date of March 16th, 1915, has been made and entered into between Isaac Ralphs, William J. Pugh, W. W. Woodd, and Grayce Holmes, doing business under the name of Ralphs-Pugh Company, as the party of the first part, and Albert O. Oberfeld and Joseph Duarte, the parties of the second part, wherein the said parties of the second part are to act as sales agents for certain tires and tubing.

"Now, therefore, I, Bertha Oberfeld, hereby guarantee the payment of all such tires and tubings sold by the said first party to the second parties under said agreement up to the amount of one thousand dollars ($1000.00).

"Dated San Francisco, California, March 20th, 1915.
"BERTHA OBERFELD."

The paper having been executed, the principals and agents commenced to transact business. The second paragraph of the contract between the principals and agents stated its term to be "for a period of one year commencing March 20th, 1915, and ending March 20th, 1916. . . ." But the respondents alleged, and the court found, that the contract between the principals and the agents contained a covenant as follows: "Renewal: In the event the party of the second part shows sufficient volume to warrant extension of this contract for one year from date of expiration of present contract, party of the first part agrees to extend contract on above terms and conditions." The trial court also found, "and at the expiration of said one year mentioned in said contract, on or about the 20th day of March, 1916, plaintiffs extended said contract another year from and after said March 20th, 1916, upon the same terms and conditions, pursuant to the provisions in said contract relating to such extension; . . ." The unpaid bills for which the plaintiffs sought to recover in this action

were deliveries made subsequent to March 20, 1916. The matter of the extension, or nonextension, of the one-year term was, therefore, most material to a correct determination of the rights of the parties. The appellant claims that there is no evidence sustaining the finding quoted above to the effect that the term of the principal contract was extended. We think this claim is well founded. The bill of exceptions contains no writing of any kind or nature extending the contract between the principals and agents. The only evidence on the subject of extension was as follows: Mr. Ralphs, one of the plaintiffs, testified, "All the goods sold by us to Oberfeld & Duarte from March 20, 1915, to March 20, 1916, were paid for in full. After March 20, 1916, I do not remember ever having any conversation whatsoever with Mr. Oberfeld, or Oberfeld & Duarte in regard to the continuance of this agreement and after the expiration of the year, to wit, March 20, 1916, we continued selling goods to Oberfeld & Duarte. . . . After the twentieth day of March, 1916, and after the contract had been in existence for one year, we took no steps to renew this contract, because we believed the terms of the contract covered the continuance for the next year." On the trial of the case a stipulation was read which contained the following paragraph IV: "That plaintiffs did not at the time of the expiration of the period provided for in said exhibit A (contract between principals and agents), or at any other time or at all give to defendant any notice either written or verbal, that they had extended plaintiffs' exhibit A for the second year, or for any other time, and that defendant did not know and was never informed of any extension of plaintiffs' exhibit A and that she did not give her consent thereto." Counsel for appellant and counsel for respondents have presented to the court very learned arguments as to when, in what manner, and with what effect the debtor and creditor may extend the principal contract without affecting the rights of the guarantor. In view of the facts contained in the present record, we do not find ourselves called upon to go into those matters. It is sufficient to say that the contract between the principals and agents in the instant case was never extended. It manifestly appears that after March 20, 1916, the respondents sold and delivered goods to their

former agents, but such sales were not made under the contract March 20, 1915, to March 20, 1916.

The finding to the effect that said contract was extended is not supported by the evidence. The judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1923.